**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE BRINKLEY, | ) | Case No. 4:26-cv-557 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| NORTHEAST OHIO | ) | |
| CORRECTIONAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Tyrone Brinkley sued Defendants Northeast Ohio Correctional Center and CoreCivic, Inc. for various State-law claims arising out of a slip-and-fall incident.  Defendant Northeast Ohio Correctional Center moves to dismiss, and Defendant CoreCivic moves for partial judgment on the pleadings.  For the reasons that follow, the Court **GRANTS** both motions.

### STATEMENT OF FACTS

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the Court must in the current procedural posture, the complaint alleges the following facts.

At the time of the incident, Mr. Brinkley was incarcerated at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio.  (ECF No. 2-1, ¶ 4, PageID #11.)  On August 8, 2025, Mr. Brinkley slipped and fell in his unit's dayroom.  (*Id.*, ¶ 7, PageID #12.)  Plaintiff alleges that his fall was "caused by a hazardous

condition," including "standing water/slippery surface, lack of drainage and non-slip surfacing, [and] failure to place warning signs or restrict access." (*Id.*, ¶ 8, PageID #12.)  Plaintiff alleges that the "hazardous condition existed for a period of time in which the [D]efendants knew or should have known" about it. (*Id.*, ¶ 9, PageID #12.) "No warning signs, cones, barriers, or staff advisories were present" to alert Mr. Brinkley of the water. (*Id.*, ¶ 10, PageID #12.)  Also, Plaintiff alleges that Defendants "failed to maintain the area in a reasonabl[y] safe condition, failed to inspect or repair the hazard, and failed to warn of known risks." (*Id.*, ¶ 13, PageID #13.)

From the fall, Mr. Brinkley injured his hip, right knee, and right "ankle/foot." (*Id.*, ¶ 11, PageID #12–13.)  He received a medical evaluation and treatment. (*Id.*, ¶ 12, PageID #13.)  He continues to experience "pain and physical limitations." (*Id.*)

## STATEMENT OF THE CASE

Mr. Brinkley filed a grievance, requesting shower mats and safety signs to be placed in the unit and requesting video footage of the incident to be preserved. (*Id.*, PageID #16.)  Mr. Brinkley stated that he intended to use the video footage to file a claim for compensatory and punitive damages related to the incident. (*Id.*)  The unit manager responded and acknowledged the fall but denied all of Mr. Brinkley's requested actions. (*Id.*, PageID #17.)  Mr. Brinkley appealed the unit manager's denial. (*Id.*, PageID #17–18.)  The Warden responded and acknowledged that the fall occurred, Mr. Brinkley received medical treatment, and the requested safety signage would be placed in the dayroom if needed. (*Id.*, PageID #17.)  Mr. Brinkley filed a second appeal, restating his request for shower mats and qualifying that the

requested safety signs be in the unit before a hazard occurs.  (*Id.*, PageID #19.)  Then, Mr. Brinkley issued a formal demand to the Warden for damages for his tort claim. (*Id.*, PageID #22–25.)

Next, Mr. Brinkley sued Defendants Northeast Ohio Correctional Center and CoreCivic in State court.  (ECF No. 2-1, PageID #10–15.)  Defendants timely removed the case to federal court.  (ECF No. 2.)  Defendant Northeast Ohio Correctional Center moves to dismiss.  (ECF No. 7.)  Defendant CoreCivic moves for partial judgement on the pleadings.  (ECF No. 9.)  Plaintiff failed to respond to both motions.

ANALYSIS

Plaintiff's complaint brings three claims:  (1) negligence; (2) premises liability; and (3) "negligent management/failure to warn."  (*Id.*, ¶¶ 14–23, PageID #13–14.) On its face, it is not clear which claims are asserted against which Defendants.  Out of an abundance of caution, the Court reads the complaint to assert all three claims against both Defendants.  The Court addresses each motion in turn.

## I.     NEOCC's Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which it may grant relief.  Fed. R. Civ. P. 12(b)(6).  A motion under Rule 12(b)(6) tests "the plaintiff's cause of action as stated in the complaint" and is "not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *Iqbal*, 556 U.S. at 678 (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded," "their conclusory nature 'disentitles them to the presumption of truth'"). A plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-

4

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Northeast Ohio Correctional Center moves to dismiss with prejudice for failure to state a claim "because it is a non-jural entity that is incapable of being sued." (ECF No. 7, PageID #41.)  Plaintiff failed to respond to the motion.  Where a party is neither an individual nor a corporation, the party's "[c]apacity to sue or be sued is determined . . . by the law of the [S]tate where the court is located." Fed. R. Civ. P. 17(b)(3).  Ohio law dictates that an entity is *sui juris* if it has "full capacity and rights to sue and be sued." *Mollette v. Portsmouth City Council*, 2006-Ohio-6289, 863 N.E.2d 1092, 1094 (Ohio Ct. App.).  "Courts in this circuit have repeatedly found that NEOCC [Northeast Ohio Correctional Center]—a private prison facility owned and operated by CoreCivic—is not sui juris under Ohio law and, therefore, cannot be sued." *Graham v. Northeast Ohio Corr. Cntr.*, No. 2:24-cv-1468, 2026 WL 972713, at *2 (N.D. Ohio Apr. 10, 2026) (citing *Foster v. Northeast Ohio Corr. Cntr.*, No. 4:25-cv-295, 2025 WL 2299331, at *3 (N.D. Ohio Aug. 8, 2025) (collecting cases)).  As a matter of law, Plaintiff cannot state a claim against Northeast Ohio Correctional Center.  Therefore, the Court **GRANTS** Defendant Northeast Ohio Correctional Center's motion to dismiss and **DISMISSES** it from this action.

## II.     CoreCivic's Motion for Partial Judgment on the Pleadings

"The only difference between Rule 12(c) and Rule 12(b)(6)" is timing.  *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003).  Rule 12(c)

provides that, once "the pleadings are closed" a party may "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings . . . generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)); *see also Holland v. FCA US LLC*, 656 F. App'x 232, 236 (6th Cir. 2016). On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)." *Bates*, 958 F.3d at 480 (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). "In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law." *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland*, 656 F. App'x at 236–37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

While "the court's decision rests primarily upon the allegations of the complaint[,]" "exhibits attached to the complaint may also be taken into account." *JTO, Inc. v. Travelers Indem. Co. of Am.*, 242 F. Supp. 3d 599, 602 (N.D. Ohio 2017) (citation modified). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that

6

the defendant is liable for the misconduct alleged" will survive. *Bates*, 958 F.3d at 480 (quotation and citation omitted). Conversely, "[m]ere labels and conclusions are not enough[.]" *Engler*, 862 F.3d at 575. Nor are facts that are "merely consistent with" liability. *Bates*, 958 F.3d at 480 (quotation omitted).

First, CoreCivic argues that "negligent management/failure to warn" (Count 3) is not a cognizable claim. (ECF No. 9, PageID #59–60.) In Count 3, Plaintiff alleges that "Defendants failed to follow reasonable maintenance, safety, and inspection practices" and "failed to post warnings, restrict access or mitigate the hazard." (ECF No. 2–1, ¶¶ 21–22, PageID #14.) CoreCivic argues that "while both 'negligent management' and 'failure to warn' may be components of Plaintiff's premises liability claim, they are not standalone causes of action upon which relief may be granted." (ECF No. 9, PageID #59.) Also, it argues that, given the context, failure to warn "may be considered in Plaintiff's premises liability claim, but [is not] a separate and distinct cause of action." (*Id.*) The Court agrees. Plaintiff's claim for "negligent management/failure to warn" merely recites an element of his claim for premises liability.

Second, CoreCivic argues that Plaintiff's claim for general negligence (Count 1) and claim for negligent management/failure (Count 3) should be dismissed as duplicative of Plaintiff's claim for premises liability (*Id.*, PageID #60–61.) CoreCivic argues that "all three claims merely assert the same theories of liability based upon the same set of factual allegations." (*Id.*) Under Ohio law, a claim for premises liability is a theory of negligence. *See Dimora v. Northeast Ohio Corr. Cntr.*,

7

No. 4:14-cv-1221, 2016 U.S. Dist. Lexis 119466, at *6 (N.D. Ohio Mar. 4, 2016) ("Although [p]laintiff alleges negligence and premises liability as two separate claims, they are actually one and the same:  premises liability is a subset of a negligence claim, which provides the appropriate context to frame such an action.").

Therefore, the Court **DISMISSES** Plaintiff's claim for general negligence (Count 1) and claim for "negligent management/failure to warn" (Count 3) as duplicative of Plaintiff's claim for premises liability (Count 2).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Northeast Ohio Correctional Center's motion to dismiss (ECF No. 7) and **DISMISSES** it from this action.  Further, the Court **GRANTS** Defendant CoreCivic.'s motion for partial judgment on the pleadings (ECF No. 8) and **DISMISSES** Count 1 and Count 3 of the complaint.  Therefore, this action will proceed on Count 2 against CoreCivic.

**SO ORDERED.**

Dated:  August 7, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8