**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE BRINKLEY, | ) | CASE NO. 4:26-CV-557 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| NORTHEAST OHIO CORRECTIONAL | ) | JENNIFER DOWDELL ARMSTRONG |
| CENTER, ET AL. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

## I. INTRODUCTION

Plaintiff Tyrone Brinkley sued Defendants Northeast Ohio Correctional Center and CoreCivic, Inc. for various state-law claims arising out of a slip-and-fall incident. The Court has dismissed NEOCC from this action and has granted CoreCivic partial judgment on the pleadings with respect to Mr. Brinkley's claims—with one exception. Mr. Brinkley's claim for premises liability against CoreCivic remains.

This matter is before me pursuant to a referral to handle all pretrial matters. (Order [non-document], Aug. 7, 2026.)

In the time since I entered my case management order in August 2026, mailed service copies of this Court's filings have been returned as undeliverable to Mr. Brinkley. (*See* ECF Nos. 12, 13.) The Clerk has noted that Mr. Brinkley seems to no longer be in the custody of the Bureau of Prisons, and he has not updated his address with the Court despite three orders to do so.

For the following reasons, I RECOMMEND that the Court DISMISS this action WITHOUT PREJUDICE for failure to prosecute and to comply with this Court's orders.

## II. PROCEDURAL HISTORY

The factual background and procedural history of the case prior to the referral are set forth in detail in the Court's order of August 7, 2026, and I presume the parties' familiarity with that order. (ECF No. 10, PageID# 63–65.) However, several service-related filings are particularly relevant to this Report and Recommendation.

First, when Mr. Brinkley filed his complaint, he identified his address as the institutional address for NEOCC in Youngstown, Ohio. (*See* ECF No. 2-1, PageID# 10.) Defendants and the Clerk mailed copies of the notice of removal and the other removal documents to that address. (ECF No. 2-3, PageID# 31; *see also* Service Remark, Mar. 9, 2026.) But the Clerk's mailing was returned as undeliverable on March 30, 2026, with the Clerk noting that the BOP website identified that Mr. Brinkley had been moved to FCI Butner in Butner, North Carolina. (*See* ECF No. 6 and related docket note.) The Clerk remailed the document packet to FCI Butner, and the mailing was not returned. (*See id.* at docket note.)

In April and May 2026, the defendants filed their motions targeting Mr. Brinkley's complaint, and each motion was mailed to the FCI Butner address. (ECF No. 7, PageID# 45; ECF No. 9, PageID# 62.) Mr. Brinkley did not respond to either defendant's motion. (*See* ECF No. 10, PageID# 65 ("Plaintiff failed to respond to both motions.")).

On August 7, 2026, the Court issued its order granting the motions, and the Clerk mailed a copy of that order and the Court's referral order to Mr. Brinkley at FCI Butner. (ECF No. 10; Order [non-document], Aug. 7, 2026; Service Remark, Aug. 7, 2026.)

I issued a case management order on August 10, 2026, setting a case management conference for September 15, 2026. (ECF No. 11) A copy of that order was mailed to FCI Butner. (Service Remark, August 10, 2026.)

On August 26, 2026, the Clerk's mailing of the Court's order on the defendants' motions was returned as undeliverable, with the Clerk noting that according to the BOP website, Mr. Brinkley is no longer in BOP custody. (ECF No. 12.)

On the same day, I issued my first order requiring Mr. Brinkley to file a notice of change of address, setting a deadline of September 25, 2026. (Order [non-document], Aug. 26, 2026.) I warned Mr. Brinkley that "failure to comply with this or other court orders may result in a recommendation that this lawsuit be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*) A copy of this order was mailed to FCI Butner as Mr. Brinkley's last known address on the docket. (Service Remark, Aug. 26, 2026.)

On September 3, 2026, the Clerk's mailing of my case management order was returned as undeliverable, with the Clerk noting that the Postal Service had indicated that it was unable to forward the mailing. (ECF No. 13.) On the same day, defense counsel represented that they had tried to contact Mr. Brinkley at FCI Butner and was informed that he was no longer at that institution. (Mot., ECF No. 14, PageID# 84.) They represented that the BOP's online inmate locator showed that Mr. Brinkley had been released from custody on July 31, 2026. (*Id.*) They wrote that Mr. Brinkley had not provided them with notice of his new address "and undersigned counsel have no way of contacting him," which prevented them from moving forward in the development of a case management plan. (*Id.*)

I thereafter canceled the CMC and issued my second order reminding Mr. Brinkley to file a notice of his change of address. (Order [non-document], Sept. 4, 2026.) I again warned him that "failure to comply with the 8/26/2026 order or other court orders may result in a recommendation that this lawsuit be dismissed for failure to prosecute . . . ." (*Id.*)

Mr. Brinkley did not update his address by the deadline. On October 5, 2026, I issued my third order directing him to update his address. (Order [non-document], Oct. 5, 2026.) Specifically, I wrote:

> Plaintiff did not comply with either of these [first two] orders and to date has not filed a Notice of Change of Address. Plaintiff is again warned that failure to file a Notice of Change of Address on or before October 15, 2026 may result in sanctions without further notice, including but not limited to a recommendation that this lawsuit be dismissed with prejudice for failure to prosecute and to comply with court orders.

(*Id.*)

Mr. Brinkley failed to file a notice stating his current address by October 15, 2026, and indeed has not filed one to date. The mailed copy of my October 5, 2026 order was returned as undeliverable today. (ECF No. 15.)

This Report and Recommendation follows.

## III. LAW AND ANALYSIS

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (holding that the reference to a defendant's motion in the rule does not abrogate the court's inherent power to dismiss sua sponte for failure to prosecute or to comply with litigation rules or court orders); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (stating that "[u]nder . . . Rule 41(b), the district court

has the authority to dismiss a case for failure to prosecute" and reviewing such an order for abuse of discretion).

The U.S. Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30; *see also Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (stating that dismissal for failure to prosecute is "available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties").

The Sixth Circuit has identified four factors relevant to the determination of whether a case is properly dismissed for failure to prosecute under Rule 41(b):

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008)); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

While none of the four factors is usually outcome dispositive, a case is "properly dismissed . . . where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (internal quotation marks and citations omitted) . It shows "either an intent to thwart judicial proceedings or a reckless disregard for the effect of . . . conduct on those proceedings." *Id.* (citations omitted).

"Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts." *Jackson v. Sterilite Corp.*, Nos. 5:13CV861, 5:13CV862, 2014 WL 5307911 at

*2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795, 795 (6th Cir. 2002)); *see also Allen v. Stark State College*, No. 5:17CV02706, 2019 WL 3387772, at *6 (N.D. Ohio July 26, 2019).

**A. Willfulness, Bad Faith, or Fault**

Mr. Brinkley initiated this lawsuit, and he has seemingly abandoned it. He has not participated meaningfully in this litigation to date, even prior to his release from BOP custody in July 2026. While I acknowledge that Mr. Brinkley seems to have been moved around between institutions while in custody, he does not appear to have been in custody for nearly three months.

Parties have an affirmative duty to monitor the docket for the entry of orders. *See Yeshick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). And a plaintiff's obligation to be diligent in prosecuting their case includes a requirement to apprise the Court of any changes in their contact information. *See Barber v. Runon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994 (plaintiff "had an affirmative duty to supply the court with notice of any and all changes in her address"); *Hafner v. Rumer*, No. 2:11–cv–00669, 2012 WL 1432235, at *1 (S.D. Ohio Apr. 25, 2012) (dismissal appropriate where the plaintiff was released from prison and failed to update his address or respond to a motion to dismiss or an order requiring that he update the address), *report and recommendation adopted*, No. 2:11-cv-669, ECF No. 17 (S.D. Ohio June 1, 2012).

By failing to update his address or (apparently) to monitor the docket for the entry of orders, Mr. Brinkley has shown—at a minimum—a reckless disregard for the effect of his conduct on these proceedings. *Hafner*, 2012 WL 1432235, at *2. Courts routinely find contumacious conduct under similar circumstances. *Id.*; *Manns v. Honda of America Mfg., Inc.*, 2010 WL 5541044, at *3 (S.D. Ohio Dec. 30, 2010) (collecting cases and finding that, although plaintiff had been incarcerated, he had been released several weeks prior to the deadlines he missed).

Accordingly, the first factor weighs in favor of dismissal.

**B. Prejudice to the Defendants**

The Defendants have been prejudiced by Mr. Brinkley's inaction. They have exerted time and expended resources in defending this case, including in filing their Rule 12 motions. More importantly, the Court has been unable to set an initial case management conference due to Mr. Brinkley's failure to update his address. This has delayed the service of initial disclosures and the issuance of a case management order. *See Jackson v. Coronado*, No. 21-1007, 2021 WL 6335259, at *3 (6th Cir. Nov. 22, 2021) ("The defendants were ready to take the next step, but Jackson's conduct prevented proceedings from going forward.")

Accordingly, the second factor weighs in favor of dismissal.

**C. Frequent Warnings**

Mr. Brinkley was warned as early as August 10, 2026, that failure to attend a CMC "may result in dismissal of the lawsuit . . . or other appropriate sanctions." (ECF No. 11, PageID# 71.) The Court again warned Mr. Brinkley on August 26, 2026, that failure to comply with the Court's order to update his address may result in a recommendation that this lawsuit be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Order [non-document], Aug. 26, 2026). And the Court issued a second such warning by order on September 4, 2026. (Order [non-document], Sept. 4, 2026.)

When Mr. Brinkley failed to update his address by September 25, 2026, as required, the Court issued a final warning that failure to file a notice of change of address by October 15, 2026, "may result in sanctions without further notice, including but not limited to a recommendation that this lawsuit be dismissed with prejudice for failure to prosecute and to comply with court orders." (Order [non-document], Oct. 5, 2026.)

After four warnings over the course of nearly two months that the Court may dismiss his case for failure to update his address as required, Mr. Brinkly has still failed to do so. Accordingly, this factor weighs heavily in favor of dismissal.

**D. Consideration of Less Severe Sanctions**

As for the fourth factor, Mr. Brinkley has not adequately responded to attempts to impose a less severe sanction than dismissal. The Court has made efforts to accommodate him by granting him an additional extension of the Court's deadline. But I fail to see how this case can proceed until Mr. Brinkley updates his address. Where he has failed to comply with the Court's order to do so for nearly two months, after repeated warnings, I find that dismissal without prejudice is appropriate. *See Jackson*, 2021 WL 6335259, at *3 ("Jackson alone refused to make progress in prosecuting his case when he was given multiple opportunities to do so. Dismissal for failure to prosecute is an appropriate sanction under the case's circumstances.").

Accordingly, this factor weighs in favor of a dismissal without prejudice.

**E. Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure**

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides an additional basis on which to dismiss this action, as it authorizes courts to dismiss an action where a party fails to comply with a court order.

Fed. R. Civ. P. 16(f)(1)(C) provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.

"Although pro se plaintiffs are held to less stringent standards than attorneys, cases filed by pro se plaintiffs may still be dismissed if the plaintiff fails to meet court orders." *Rivera v. Comm'r of Soc. Sec.*, No. 4:16CV2316, 2017 WL 1683660, at *2 (N.D. Ohio Apr. 11, 2017) (citing

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding dismissal appropriate for a pro se litigant's claims when dismissal was ordered "because he failed to adhere to readily comprehended court deadlines of which he was well-aware," and noting that the court had been "generous in granting extensions which [the litigant] failed to utilize")).

Here, Mr. Brinkley was required by order to update his mailing address with the Court. When he failed to respond after a month, the Court sua sponte gave him an additional three weeks to do so. Mr. Brinkley has still not complied, even nearly a week after that final deadline. Service of litigation documents is complete upon mailing when directed to a person's "last known address." Fed. R. Civ. P. 5(b)(C). Each of the Court's orders was mailed to Mr. Brinkley's last known address, and any issues in communicating with Mr. Brinkley are solely the result of his failure to monitor the docket and to update his address as required.

I therefore find that Mr. Brinkley has failed to adhere to court deadlines of which he was or should have been aware, and he has failed to utilize the extensions granted him to participate in this case that he initiated despite numerous warnings that his case may be dismissed for failure to update his address.

Accordingly, dismissal without prejudice is appropriate.

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, I RECOMMEND that the Court DISMISS this action WITHOUT PREJUDICE for failure to prosecute and to comply with this Court's orders.

Dated: October 21, 2026

/s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## VII. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates

Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).